United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Hilda Barrera, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-23471-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

### Order Granting Motion to Dismiss

This matter is before the Court on Carnival Corporation's ("Carnival") motion to dismiss Plaintiff Hilda Barrera's two-count complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court **grants** Carnival's motion (**Mot., ECF No. 7**).

### 1. Background

Ms. Barrera was a passenger aboard the *Carnival Dream* on July 8, 2019, when she tripped and fell on "an uneven or misleveled [sic] section" of the ship's gangway. (Compl. ¶¶ 10-12, ECF No. 1.) As a result of that fall, Ms. Barrera sustained a severe fracture to her arm, which required surgery, among other injuries. (*Id.* ¶ 13.) She alleges that Carnival knew or should have known that the gangway posed a risk of danger because it was in a high traffic area and because of "prior trip and fall instances on uneven or misleveled [sic] gangways, industry standards regarding gangways, or other sources of knowledge." (*Id.* ¶ 18.)

On those grounds, Ms. Barrera asserts two counts of negligence: one for Carnival's purported failure to inspect and maintain the gangway, and another for Carnival's failure to warn Ms. Barrera of the gangway's condition. Carnival argues that Ms. Barrera fails to state a claim under both counts because she does not sufficiently plead that it had notice of the gangway's dangerous condition. (Mot. 7). The Court agrees.

### 2. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. In other words, a complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

### 3. Discussion

"To prevail on a negligence claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (cleaned up). Cruise operators owe their passengers an ordinary duty of reasonable care, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *2 (S.D. Fla. Jan. 11, 2021) (Scola, J.) (cleaned up) (citing *Keefe v. Bahama Cruse Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Thomas v. NCL (Bahamas) Ltd.*, 203 F. Supp. 3d 1189, 1192 (S.D. Fla. 2016) (Williams, J.)). "A defendant can be deemed to be on actual notice where the defendant knows of the risk creating condition and on constructive notice when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Holland*, 2021 WL 86877, at *2 (cleaned up).

As Carnival well points out, the allegations here are nearly identical to those pled in *Holland*—an action also filed by Ms. Barrera's counsel. There, the plaintiff was a passenger on a Carnival cruise ship who slipped and fell on wet glass stairs leading to injuries that prompted surgery. Holland asserted three counts of negligence against Carnival, two of which are the ones that Ms. Barrera asserts, and argued its liability on the same grounds she does. Specifically, Holland argued Carnival's notice as to the stairs' dangerous condition stemmed from the fact the stairs were in a high traffic area and from "the frequent nature of prior slip and fall incidents on this staircase." *Id.* at *1. Holland further argued, as does Ms. Barrera, that Carnival's notice was

deducible from the fact that "a number of safety agencies have promulgated regulations relating to the stairs." *Id.* (cleaned up).

The Court rules the same way here as it did in *Holland*. Ms. Barrera does not adequately plead Carnival's notice—much less its knowledge—of a dangerous condition. First, Ms. Barrera's allegation that the gangway was a highly trafficked area is alone insufficient to establish notice. Although "constructive notice can be [pled] by showing a condition existed for a long enough period of time that the shipowner must have known of the danger, the Plaintiff provides no factual allegations at all to support a conclusion that Carnival *should have known*" of the gangway's dangerous condition. *Holland*, 2021 WL 86877 at *3. As in *Holland*, from Ms. Barrera's complaint, "it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five seconds, five minutes, or five hours." *Id.*

Second, Ms. Barrera's assertion concerning the existence of prior slip and fall accidents on the gangway is conclusory. Again, as in *Holland*, "the Plaintiff provides no facts in support of [her] claim" concerning the frequency of those accidents. *Id.* That bare allegation does not support the sufficiency of Ms. Barrera's complaint. *See Ashcroft*, 129 S. Ct. at 1949.

Third, the same goes for Ms. Barrera's assertion with respect to the existence of industry standards for gangways. The fact that industry standards exist does not mean that Carnival had notice of a dangerous condition per se. Even then, Ms. Barrera entirely fails to point the Court in the direction of any such standards, their significance, or bindingness upon Carnival.

### 4. Conclusion

In sum, Ms. Barrera's allegations as to Carnival's notice of the gangway's condition never cross "the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. Accordingly, the Court dismisses Ms. Barrera's complaint and **grants** Carnival's motion to dismiss without prejudice (**ECF No. 7**). The clerk shall **close** this case.

**Done and ordered** in Miami, Florida, on April 5, 2022.

Robert N. Scola, Jr.
United States District Judge