United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Hilda Barrera, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-23471-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

## Order

This matter is before the Court on Plaintiff Hilda Barrera's motion to amend the Court's dismissal of her complaint (ECF No. 20) pursuant to Federal Rule of Civil Procedure 59(e), and a contemporaneously-filed motion for leave to file an amended complaint. For the reasons below, the Court **denies** the Rule 59(e) motion (**ECF No. 22**) and by consequence **denies as moot** the motion for leave to file an amended complaint (**ECF No. 23**).

Ms. Barrera was a passenger aboard the *Carnival Dream* on July 8, 2019 when she tripped and fell on "an uneven or misleveled [sic] section" of the ship's gangway. (Compl. ¶¶ 10-12, ECF No. 1.) Ms. Barrera sued Carnival on two counts of negligence: one for Carnival's purported failure to inspect and maintain the gangway, and another for Carnival's failure to warn Ms. Barrera of the gangway's condition. Carnival argued that Ms. Barrera failed to state a claim under both counts because she did not sufficiently plead its notice of the gangway's condition. (ECF No. 7). The Court granted dismissal.

Ms. Barrera now files a Rule 59(e) motion to alter that decision. In contravention of Local Rule 7.1(a)(1), Ms. Barrera's Rule 59(e) motion does not incorporate a memorandum of law thus leaving the Court to suppose that the basis for the motion is "new evidence"—a photo of the purportedly uneven gangway that accompanies Ms. Barrera's separate motion for leave to file an amended complaint. (*See* ECF No. 23-2.)

"The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Jones v. Thomas*, 605 F. App'x. 813, 814 (11th Cir. 2015). The Court does not consider Ms. Barrera's photograph to be the type of evidence that warrants a reconsideration of its order. That is chiefly because the photograph has nothing to do with Ms. Barrera's failure to plead negligence, which is the reason the Court dismissed her complaint. Additionally, a party cannot utilize Rule 59(e) motion to "present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Ms. Barrera's Rule 59(e) motion also cites to her proposed amended complaint. To the extent she intends on relying on the proposed amended complaint as a basis for her Rule 59(e) motion, she cannot do so. A party cannot utilize a Rule 59(e) motion to relitigate old matters. *Id.* The proposed amended is nearly identical to the complaint the Court previously dismissed, except for insubstantial modifications. (*See* ECF No. 23-1.)

Because Ms. Barrera's Rule 59(e) motion does not specify a proper basis to alter the Court's dismissal, the Court **denies** that motion (**ECF No. 22**) and **denies as moot** the accompanying motion to file an amended complaint (**ECF No. 23**).

**Done and ordered** in Miami, Florida, on June 22, 2022.

_____
Robert N. Scola, Jr.
United States District Judge